No. 97-134

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 325N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOHN JOSEPH LEUCHTMAN, II,

Defendant and Appellant.

APPEAL FROM: District Court of the Ninth Judicial District,

In and for the County of Pondera,

The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Joseph Leuchtman, II, Pro Se; Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General; Helena, Montana

Chris R. Christensen, Pondera County Attorney; Conrad, Montana

Submitted on Briefs: November 17, 1998

Decided: December 30, 1998

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. The defendant, John Joseph Leuchtman, II, was charged by complaint in the Justice Court for Pondera County with operating his motor vehicle in violation of § 61-8-303(1), MCA. He pled not guilty and, following a nonjury trial, was convicted as charged and sentenced. He appealed his conviction to the District Court for the Ninth Judicial District in Pondera County. In District Court, he moved to dismiss the charge against him based on his contention that the statute pursuant to which he was charged was unconstitutionally vague, as applied to him. That motion was denied and, following a nonjury trial in District Court, he was again found guilty of violating § 61-8-303(1), MCA, and sentenced. Leuchtman appeals his conviction to this Court. We reverse the judgment of the District Court.**

**¶3. The dispositive issue on appeal is whether § 61-8-303(1), MCA, is unconstitutionally vague in violation of Article II, Section 17, of the Montana Constitution, as applied to Leuchtman.**

FACTUAL BACKGROUND

**¶4. No transcript of testimony given in the District Court has been filed with this Court. Our summary of facts, therefore, is limited to those facts found by the District Court to be true. They are as follows:**

**¶5. On December 29, 1995, at approximately 11:35 a.m., Leuchtman was operating his 1991 Mazda in a northerly direction on Interstate 15 near Conrad when he was observed by Highway Patrolman Sam Harris, who was proceeding in the opposite**

direction. Patrolman Harris measured Leuchtman's speed by use of radar at 102 miles per hour. Leuchtman does not deny that he was traveling at about that speed when observed by Patrolman Harris.

¶6. Based on his observation, Patrolman Harris stopped Leuchtman and cited him for a violation of Montana's "basic rule" found at § 61-8-303(1), MCA. The sole basis for Patrolman Harris's charge, as indicated on his complaint, was that Leuchtman was operating his vehicle at a speed of 102 miles per hour.

¶7. At the time and place that Leuchtman was cited, the District Court's findings indicate that the temperature was approximately 25 degrees, the day was cloudy, and the roadway was free of ice and snow, except in certain shaded areas under overpasses on the interstate. There was a moderate amount of traffic.

¶8. There were no findings which would indicate that Leuchtman's vehicle was inspected, or the condition of brakes determined, or that there was anything about the grade or width of highway, the condition of its surface, or obstruction of his view which contributed to the charges against him. Neither is there any indication that Leuchtman, at any time, had lost control of his vehicle or that his operation of his vehicle endangered any other person or their property. The District Court's conclusion indicates that Leuchtman's conviction was based solely on the speed at which he was traveling. No other reasons were given for the District Court's conclusion that he violated § 61-8-303(1), MCA.

## DISCUSSION

¶9. Is § 61-8-303(1), MCA, unconstitutionally vague in violation of Article II, Section 17, of the Montana Constitution, as applied to Leuchtman?

¶10. Whether a statute is constitutional is a question of law. We review a district court's application of the Constitution to determine if it is correct. *See State v. Schnittgen* (1996), 277 Mont. 291, 295-96, 922 P.2d 500, 503.

¶11. Leuchtman contends that § 61-8-303(1), MCA, as applied to him, is unconstitutionally vague and, therefore, deprives him of his right to due process of law, as guaranteed by Article II, Section 17, of the Montana Constitution, because the statute failed to give a person of ordinary intelligence, in his situation, fair notice

that the speed at which he was traveling was forbidden. He contends that the statute is vulnerable to arbitrary enforcement because it provides law enforcement personnel, such as Patrolman Harris, with insufficient guidelines.

¶12. Citing *United States v. Mazurie* (1975), 419 U.S. 544, 95 S. Ct. 710, 42 L. Ed. 2d 706, the State contends that a statute is not void for vagueness as applied unless the person challenging the statute could not reasonably understand that his conduct was prohibited, and that a motorist who travels in excess of 100 miles per hour on Montana's roadways should know that his conduct is prohibited.

¶13. We need not decide whether the "basic rule," as it pertained to Leuchtman in this case, was vague. We have previously held, in *State v. Stanko*, 1998 MT 321, that:

[W]e conclude that that part of § 61-8-303(1), MCA, which makes it a criminal offense to operate a motor vehicle "at a rate of speed . . . greater than is reasonable and proper under the conditions existing at the point of operation" is void for vagueness on its face and in violation of the Due Process Clause of Article II, Section 17, of the Montana Constitution.

*Stanko, ¶30.*

¶14. For these reasons, Leuchtman could not be convicted based simply on the speed at which he was operating his motor vehicle pursuant to that provision in the statute with which he was charged. The judgment of the District Court, therefore, is reversed. Because we reverse the judgment of the District Court, we need not address the other issues raised by the appellant.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

Chief Justice J. A. Turnage dissenting:

¶15 I respectfully dissent for the same reasons stated in my dissent in *State v. Stanko*, 1998

MT 321.

/S/ J. A. TURNAGE